BERNICE M. PAUL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Paul v. Commissioner
Docket No. 1951-76.
United States Tax Court
T.C. Memo 1981-277; 1981 Tax Ct. Memo LEXIS 474; 42 T.C.M. (CCH) 19; T.C.M. (RIA) 81277; June 1, 1981. Robert M. Tyle, for the petitioner. David R. Smith , for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined deficiencies of $ 1,033.02 and $ 898.71, respectively, in petitioner's and her late husband's 1969 and 1970 federal income taxes. The sole question for our determination is the amount of a casualty loss suffered to petitioner's real property in 1972. Whether *476 petitioner is entitled under section 172 to a net operating loss deduction for 1969 in an amount in excess of that determined by respondent and to any net operating loss deduction for 1970, and, if so, the amounts thereof, turn upon our resolution of the issue first mentioned above. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. Petitioner and her late husband filed their original and amended joint federal income tax returns for 1969 and 1970 and their joint return for 1972 with the Internal Revenue Service Center at Andover, Massachusetts. At the time she filed her petition herein, petitioner resided at Painted Post, New York. Petitioner's husband died February 3, 1975. Petitioner's late husband personally built a one-story house in Painted Post in 1940, expending $ 7,500 for construction materials. Prior to the events hereinafter described he made further capital improvements to the property himself which cost $ 4,000. They used the property as their residence. In 1972, the property and its contents were damaged by a flood. Water rose to a level of 12 to 18 inches from the ceiling of the living quarters. Petitioner and her *477 husband expended approximately $ 10,338 to make repairs to the realty. Petitioner's husband and son put in over 1,000 hours of their labor into restoring the property. The rapairs restored the property to essentially as good condition as it was immediately prior to the flood except that the basement was not finished. The parties are in agreement that the loss to petitioner's and her late husband's personalty was $ 11,025.98. Petitioner and her late husband received a disaster loan from the Small Business Administration (hereinafter referred to as the SBA), repayment of $ 5,000 of which was forgiven. Petitioner now concedes that the amount of the casualty loss should be reduced by $ 5,000 by reason of that forgiveness. On their 1972 joint federal income tax return, petitioner and her late husband claimed a casualty loss deduction of $ 29,286.38, as follows: Damage to realty
$ 17,650.00
Damage to personalty
11,736.38
Total
$ 29,386.38
Less sec. 165(c)(3) limitation
100.00
Loss claimed
$ 29,286.38
Respondent determined that the deductible loss was $ 17,576.08, as follows: Loss to realty
$ 11,650.10
Loss to personalty
11,025.98
Total
$ 22,676.08
Less: Forgiveness of SBA loan $ 5,000
Sec. 165(c)(3) limitation 100
5,100.00
Loss determined
$ 17,576.08
*478 OPINION Section 165 allows a deduction to individuals for losses not compensated for by insurance or otherwise suffered upon the damage to or destruction of nonbusiness property by reason of fire, storm, shipwreck or other casualty or from theft to the extent that each such loss exceeds $ 100. Sec. 165(c)(3). The proper measure of the loss sustained is the difference between the fair market value of the property immediately before the casualty and its fair market value immediately thereafter, but not to exceed its adjusted basis. See Helvering v. Owens, 305 U.S. 468 (1939); Millsap v. Commissioner, 46 T.C. 751, 759 (1966), affd. 387 F.2d 420 (8th Cir. 1968); sec. 1.165-7(b)(1), Income Tax Regs. Physical damage to property caused by a flood is clearly a casualty within the purview of section 165(c)(3), and respondent concedes that petitioner suffered some such damage. The parties are in agreement as to the allowable deduction for personalty lost in the flood. Petitioner now concedes that the amount of the deduction should be reduced by $ 5,000, the amount of the SBA loan forgiveness. The only dispute, then, is the amount of the *479 loss allowable with respect to the realty. The burden of proof rests with petitioner. The adjusted basis of the property in question is its cost. See secs. 1011(a) and 1012. Evidence of the basis of the realty was attempted to be offered solely through the testimony of petitioner and her son. The SBA loan application made by petitioner's late husband after the flood is also in the record by stipulation. Neither witness knew what was paid for the property in 1940 or the costs of the capital improvements made to it during the period prior to the flood. Both relied upon the statement by petitioner's late husband in his SBA loan application made following the flood that the original cost of the property was $ 7,500. Neither of them is willing to limit the costs of improvements to $ 4,000, the amount stated in that same document, but has no better evidence of those costs to offer. Petitioner simply does not know the costs of the improvements other than $ 1,100 expended in 1943 to add a room. Her son (who was born in 1939 and did not live with his parents after 1959), although familiar with current building costs in general, only guesses that the improvements in question cost more *480 than $ 4,000 in the aggregate. On this record, we cannot say that petitioner has established that the cost of the property prior to the flood exceeded $ 11,650.10, the amount of the loss to the realty determined by respondent. As the result of petitioner's failure to carry her burden of proving that the adjusted basis of the property exceeded the amount of the loss determined by respondent, we must sustain respondent's determination. Welch v. Helvering, 290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
In accordance with the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.